```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
KENNETH MOXEY,

                    Appellant,         E.D. Bankr. Case
                                       No. 8-12-74340(AST)
        -against-
                                       Adv. Pro.
ROBERT L. PRYOR; MAAAS ENTERPRISES,    No. 8-13-8108(AST)
LP; V-JAMA HOLDINGS, LLC; TUTHILL
FINANCE LP; MPJM CRUSH HOLDINGS, LLC;  MEMORANDUM & ORDER
ALAN DREZIN; and DAVID A. BETRON,      14-CV-2904(JS)

                    Appellees.
-------------------------------------X
```

APPEARANCES
For Appellant:              Kenneth Moxey, pro se
                            923 Custer Street
                            Valley Stream, NY 11580

For Appellees
Robert L. Pryor:            Justin L. Rappaport, Esq.
                            Pryor & Mandelup, LLP
                            675 Old Country Road
                            Westbury, NY 11590

Maaas Enterprises, LP,
V-Jama Holdings, LLC,
MPJM Crush Holdings,
LLC:                        Bruce L. Weiner, Esq.
                            Rosenberg Musso & Weiner LLP
                            26 Court Street, Suite 2211
                            Brooklyn, NY 11242

Tuthill Finance LP:         Bruce Minkoff, Esq.
                            Robinowitz Cohlan Dubow & Doherty LLP
                            199 Main Street, 5th Floor
                            White Plains, NY 10601

Alan Drezin,
David A. Betron:            No Appearances

SEYBERT, District Judge:

Pro se appellant Kevin Moxey ("Moxey" or "Appellant") is the debtor in a Chapter 7 bankruptcy proceeding captioned In re Kenneth G. Moxey, No. 8-12-74340, and a related adversary proceeding captioned Moxey v. Pryor, et al., No. 8-13-8108.[1] Those actions are before Judge Alan Trust in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"). Moxey appeals from certain of the Bankruptcy Court's orders in those proceedings. For the reasons discussed herein, the orders appealed from are AFFIRMED IN PART. The remainder of Moxey's appeal is DISMISSED AS MOOT.

## BACKGROUND[2]

Though made complex by Moxey's lack of discretion in filing papers and heaving unfounded allegations on all involved, Moxey's bankruptcy proceeding is, at its core, an effort to secure his alleged interest in real property located at 245 South First Street, Brooklyn, New York, 11211 (the "Property").

Moxey purchased the Property sometime prior to May 25, 2007. (Bankr. Ct.'s March 10, 2014 Order, Docket Entry 1-28, at

---

[1] Moxey's appeal of several other orders are also before the Court. Because those matters have not yet been fully briefed, the Court will rule on those matters in a later, separate Memorandum and Order.

[2] The Court has synthesized its discussion of the factual background of this case from its independent review of the record on appeal.

2.)  On that date and in exchange for a loan of $480,000.00, Moxey signed a note for the loan and gave Tuthill Finance LP ("Tuthill") a mortgage on the Property.  (Mortgage Agreement, Docket Entry 1-3, at 80.)  In 2009, after Moxey defaulted under the terms of the note, Tuthill commenced a foreclosure action in the New York State Supreme Court, Kings County, New York, under index number 932/2009 (the "Foreclosure Action").  (Bankr. Ct.'s March 10, 2014 Order at 2-3.)  Moxey never answered Tuthill's summons and complaint. (Bankr. Ct.'s March 10, 2014 Order at 3.)  Thereafter, Tuthill transferred its unanswered Foreclosure Action to MPJM Crush Holdings, LLC ("Crush").  (Assignment of Mortgage, Docket Entry 1-3, at 118.)

After it received Tuthill's interest in the Foreclosure Action, Crush obtained a default judgment against Moxey.  After Moxey's unsuccessful challenge to the default judgment, the State Court granted Crush a final judgment of foreclosure and sale, determining that Moxey owed Crush $757,811.78, plus interest. (Bankr. Ct.'s March 10, 2014 Order at 3.)  Moxey filed for bankruptcy to prevent the foreclosure sale.

Moxey filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code on July 12, 2012.  (Bankr. Pet., Docket Entry 1-53.)  Moxey's petition valued the Property at $600,000.00 and indicated that it was encumbered by two mortgages totaling $757,000.00.  (Bankr. Pet. at 14.)

Robert L. Pryor (the "Trustee") was appointed as the Chapter 7 trustee of the bankruptcy estate.

In October 2012 the Trustee and Crush negotiated a settlement that provided for the disposition of the Property--Crush would make a stalking-horse offer of $600,000.00, plus a $25,000.00 payment to the appointed Receiver of Rents for a quitclaim deed to the property. (See Settlement Appl., Docket Entry 1-54.) Crush's offer was a credit-offer, with a $44,000.00 cash carve-out for Trustee and related fees. (Settlement Appl. at 8.) Crush's offer was subject to higher and better offers. (Settlement Appl. at 3.) The parties moved the Bankruptcy Court for approval of the agreement on November 16, 2012, and Moxey did not object. The Bankruptcy Court approved the agreement on December 11, 2012. (See Dec. 11, 2012 Order, Docket Entry 1-3, at 137.) Moxey did not appeal.

On January 9, 2013, Crush assigned its stalking-horse bid to Maaas Enterprises, LP ("Maaas") and V-Jama Holdings, LLC ("Jama"). (Bankr. Ct.'s March 10, 2014 Order at 5.) The sale was later closed, and the Trustee executed a deed conveying the Property to Maaas and Jama. (Quitclaim Deed, Docket Entry 1-3 at 129.)

After the transfer of the Property, Moxey began a flurry of legal activity. Moxey sued the Trustee, Crush, Tuthill, Maaas, Jama, and others in New York State Supreme Court, Kings County

4

(the "State Court Action"), and commenced adversary proceeding 13-8108 against the Trustee (the "Adversary Proceeding"). The State Court Action was removed to this Court, then transferred to the Bankruptcy Court and consolidated with the Adversary Proceeding. (Bankr. Ct.'s Oct. 29, 2013 Order, Docket Entry 1-10.) Moxey was ordered to file an amended complaint. (Bankr. Ct.'s Oct. 29, 2013 Order.)

Moxey has since flooded the Bankruptcy Court with various motions, including a Motion for Referral of the Matter to the United States Trustee for Fraud (the "Motion for Criminal Referral") and a Motion to Remove the Trustee. On February 25, 2014, the Bankruptcy Court held a hearing on these (and other of Moxey's) motions. At that hearing, Moxey was unable to articulate any factual basis for his allegations. (Bankr. Ct.'s March 10, 2014 Order at 9.) As a result, the Bankruptcy Court denied Moxey's Motion to Remove the Trustee and Motion for Criminal Referral. (Bankr. Ct.'s March 4, 2014 Order, Docket Entry 1-26.)

Later, on March 10, 2014, the Bankruptcy Court issued an order that found that Moxey was abusing the litigation process, and enjoined Moxey from filing any non-responsive pleadings without authorization for ninety (90) days from February 25, 2014. (Bankr. Ct.'s March 10, 2014 Order.)

Moxey now challenges (1) the Bankruptcy Court's denial of his motion to Remove the Trustee, (2) the Bankruptcy Court's

5

denial of his Motion for Criminal Referral, and (3) the Bankruptcy Court's enjoining him from filing unapproved pleadings for ninety days. Moxey goes far beyond alleging that the Bankruptcy Court erred in these rulings, alleging--without any factual basis that the Court can discern--that Judge Trust has criminally conspired against him.

## DISCUSSION

The Court will first discus the applicable standard of review, before considering each of Moxey's challenges in turn.

I. Standard of Review

A district court acts as an appellate court in reviewing judgments rendered by the Bankruptcy Courts. FED. R. BANKR. P. 8013; In re Cody, Inc., 338 F.3d 89, 94 (2d Cir. 2003). The Bankruptcy Court's findings of fact are reviewed for clear error. In re Kalikow, 602 F.3d 82, 91 (2d Cir. 2010) "A factual finding is clearly erroneous only if . . . the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Ortega v. Duncan, 333 F.3d 102, 106-07 (2d Cir. 2003) (internal quotation marks and citation omitted). Conclusions of law are reviewed de novo. Kalikow, 602 F.3d at 91.

II. Denial of Moxey's Motion to Remove the Trustee

Moxey first alleges that the Bankruptcy Court erred when it refused to remove Robert L. Pryor as the Trustee. Moxey asserts that the sale of the Property was the result of some illegal

6

collusion between the Trustee and buyers, and the Bankruptcy Court should have removed the Trustee as a result of his double-dealing.

A bankruptcy court may remove a trustee for cause. 11 U.S.C. § 324(a). In defining "cause" for removal, the Second Circuit has encouraged courts to look to the elements of fraud and actual injury to debtor interests. In re Haworth, 356 F. App'x 529, 530 (2d Cir. 2009) (quoting In re Freeport Italian Bakery, Inc., 340 F.2d 50, 54 (2d Cir. 1965)). A Bankruptcy Court's removal decision is reviewed for abuse of discretion. Id.

The Bankruptcy Court's denial of Moxey's motion to remove is AFFIRMED for substantially the same reasons articulated by the Bankruptcy Court. The Court cannot find any evidence even suggesting that cause exists to remove the Trustee, much less sufficient evidence to establish a firm conviction that the Bankruptcy Court erred. Moreover, even if Moxey's allegations that the Trustee colluded with others to sell the Property were true, the Court can find no "fraud and actual injury to the debtor interests" compelling the Trustee's removal. See In re Freeport Italian Bakery, Inc., 340 F.2d at 54. The Property was underwater, so Moxey had no interest in the property to begin with. See In re 60 E. 80th St. Equities, Inc., 218 F.3d 109, 115 (2d Cir. 2000) ("It is well-established that a Chapter 7 debtor is a 'party in interest' and has standing to object to a sale of the assets, or otherwise participate in litigation surrounding the assets of the

7

estate, only if there could be a surplus after all creditors' claims are paid."). Moreover, the bid for the Property with which Moxey takes issue was subject to higher and better offers, and was for more than the fair market value of the property that Moxey listed in his bankruptcy petition.

Accordingly, the Bankruptcy Court's denial of Moxey's motion to remove the Trustee is AFFIRMED.

III. Denial of Moxey's Motion for Criminal Referral

Next, Moxey challenges the Bankruptcy Court's denial of his Motion for Criminal Referral. He offers no basis, in fact or in law, for overturning the Bankruptcy Court's decision.

As best as the Court can tell, Moxey argues that the Bankruptcy Court disregarded some duty to report the crimes he alleges to the appropriate authorities. Though he does not cite it, 18 U.S.C. § 3057 requires any judge that has reasonable grounds for believing a violation of the Bankruptcy Code has been committed to "report to the appropriate United States attorney all the facts and circumstances of the case." Moxey never alleged, however that the Bankruptcy Code had been violated, so the reporting requirements of section 3057 were not triggered. More importantly, the Bankruptcy Court held a hearing on the motion where Moxey was unable to assert any facts in support of his allegations of criminal activity. The Bankruptcy Court's finding that no factual

basis exists for believing a crime has been committed is unsurprising.

Accordingly, the Bankruptcy Court's denial of Moxey's Motion for Criminal Referral is AFFIRMED.

IV. <u>Enjoining Moxey from Filing Unapproved Pleadings</u>

Finally, Moxey challenges the Bankruptcy Court's prohibiting him from filing any pleadings with the Bankruptcy Court for a period of ninety days, beginning on February 25, 2014. Because the ninety-day period has ended, this Court is unable to grant any effective relief, and Moxey's appeal is therefore moot. <u>See</u> <u>In re Watkins</u>, No. 06-CV-1341, 2008 WL 708413, at *2 (E.D.N.Y. Mar. 14, 2008) ("It is well-established that an appeal is rendered moot if the appellate court is unable to grant any effective relief."); <u>United States v. Salerno</u>, 932 F.2d 117, 123 (2d Cir. 1991).

Accordingly, Moxey's appeal of the Bankruptcy Court's order enjoining him from filing pleadings without permission is DISMISSED AS MOOT.

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

CONCLUSION

For the foregoing reasons, the Bankruptcy Court's denial of Appellant's Motion to Remove the Trustee and Motion for Criminal Referral are AFFIRMED. Appellant's appeal of the Bankruptcy Court's imposition of a filing injunction is DISMISSED AS MOOT. The Clerk of the Court is directed to mail of a copy of this Memorandum and Order to the pro se Appellant and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   March   31  , 2015
         Central Islip, New York